UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-306-H
CONSOLIDATED WITH 3:04CV-365-H

RACHEL RENEE JESSIE                                                            PLAINTIFF

V.

BULLITT COUNTY BOARD OF EDUCATION, et al.                    DEFENDANTS

**MEMORANDUM AND ORDER**

The Court has received and appreciates the responses concerning the status of its order dated April 26, 2005, and the remaining claims.

Plaintiff has asserted several causes of action within one federal case. The Court has resolved two of these claims and is attempting to determine the grounds for those that remain. At the present time, the Court must resolve the remaining claims by either motion practice or trial. Defendant has moved to require Plaintiff to comply with the Court's order dated May 11, 2005. That order requires Plaintiff to provide "a list of each civil action being pursued, a general basis for each claim and a category of damages." Plaintiff's counterclaim does not provide the kind of information which the Court envisioned by its order.

In view of the pending claims, the order of April 26 is not a final order as to this case. Nevertheless, Plaintiff asks that Defendants be forced to comply with that order which affirmed the ECAB decision in part and directed Defendants to provide Plaintiff with one year of compensatory education. As a consequence of the order lacking finality, however, the Court cannot compel Defendants to comply with its requirements. As yet, no party has moved that the

order either be made final and be certified for review pursuant to Rule 54(b), or that the Court permit an interlocutory appeal from that order.[1] Defendants do ask the Court to amend its order to make it a "Final and Appealable Order" based on the interest of judicial economy. Defendants ask, moreover, that if the Court makes its order final and appealable, then it should also stay enforcement of the judgment pending appeal pursuant to Fed.R.Civ.P. 62(h). The parties have raised a number of good points in their responses concerning the status of its order dated April 26, 2005, and the remaining claims in this case. Defendants ask the Court "upon apparent agreement of the Parties" to amend its order to include the following language: "There being no just cause for delay, this Order shall be final and appealable." The apparent agreement of the parties notwithstanding, the Court makes the following observations.

When more than one claim is presented in an action, a district court may direct the entry of final judgment on fewer than all the claims only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. Fed.R.Civ.P. 54(b). Whether to certify a judgment under Rule 54(b) for purposes of appeal is a matter left to the discretion of the district court. As an alternative to appealing a partial judgment certified under Rule 54(b), a party may request the district court stay enforcement of the judgment pending entry of a subsequent judgment. Fed.R.Civ.P. 62(h). Having considered the arguments favoring a

---

[1] Fed.R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 54(b) certification in this case, the Court concludes that a final and appealable order is not warranted at this time.

Rule 54(b) provides a procedure for expedited appellate review of separable claims. While it relaxes the traditional requirement of finality for appellate review, "it does not tolerate immediate appeal of every action taken by a district court." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). Even where an order granting partial final judgment is proper, it is an infrequent harsh case that justifies certification for appellate review under Rule 54(b). *Rudd Const. Equipment Co., Inc. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir. 1983). Rule 54(b) certification requires the Court to engage in two independent inquiries.

The first step in certification is entry of partial final judgment. This step is satisfied where some decision of the court disposes of one or more but fewer than all the claims in a case. *General Acquisition, Inc.*, 23 F.3d at 1026. This first step, sometimes termed "direction" of partial final judgment, requires that there be more than one claim, more than one party or both and that either one or more but fewer than all claims have been decided. The question of when there are multiple claims for relief in a case is often a difficult one. In this case, it is reasonably clear that the multiple claim requirement is met because Plaintiff alleges violations of rights conferred by different federal statutes and not just under different legal theories. Even where as here there are multiple claims, the rule requires that one claim be decided with finality. In this case, the Court has affirmed the ECAB's decision in part and reversed it in part awarding Plaintiff one year compensatory education. In this manner, the first step of Rule 54(b) certification, that a court expressly direct entry of final judgment of one or more but fewer than all the claims in a case, could be met. The second step, however, presents a closer question.

3

The second step in a Rule 54(b) certification analysis requires a court to expressly determine that there is no just reason to delay appellate review. The determination step requires the Court "to balance the needs of the parties against the interests of efficient case management." *Id.* The general rule disfavoring piecemeal federal appellate review allows that only truly separable claims go up for review while others in the same case remain pending. In determining whether there is just reason for delay, a court may consider many factors both legal and practical. A nonexhaustive list of factors which a district court should consider when making a Rule 54(b) determination include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. *Id.* at 1030 (internal citations omitted).

In this case, there are factors that weigh in favor of certification and factors that weigh against certification. On one hand, a final order would entitle Plaintiff to begin receiving compensatory education. A final order would also allow Defendants, to pursue appellate relief. Defendants argue that a decision in their favor on appeal could preclude Plaintiff from pursuing her other federal claims and this favors certification for the purpose of judicial economy. On the other hand, the multiple claims in this case are closely related. The Court has reviewed the ECAB's finding under the IDEA but is only beginning to review other federal claims related to the Defendants' provision of educational services. Each of the claims arises out of the same set

of facts and involves the same parties. For these reasons, it seems entirely possible that the reviewing court might be obliged to consider the same legal issue a second time. It is also very likely that a reviewing court would review the same facts a second time. While there are factors weighing both in favor and against certification, that the relationship between the adjudicated and unadjudicated claims is such a close one weighs heavily against a determination that there is no just reason to delay appellate review.

For the foregoing reasons, the order dated April 26 will not be deemed final except upon consideration of an appropriate motion by either party. A motion for certification pursuant to Rule 54(b) will be denied. In the interim, the Court intends to proceed with resolution of the remaining claims and encourages the parties to move forward quickly. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the order dated April 26, 2005, is deemed not to be a final order.

IT IS FURTHER ORDERED that Defendant's motion for compliance with the Court's May 11, 2005, order is SUSTAINED and on or before **July 27, 2005**, Plaintiff shall directly comply with that order.

IT IS FURTHER ORDERED that the Court will consider any appropriate motions concerning the status of the interim order filed on or before **August 15, 2005**.

cc:	Counsel of Record